IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOHN J. STRATMAN,

Defendant.

8:22-CR-15

ORDER ON MOTION TO REDUCE FINE
AND RESTITUTION

This matter is before the Court on defendant John J. Stratman's Motion to Reduce Fine and Restitution, which requests that his "fine of $25,100 be waived or reduced." Filing 51 at 1. In support of his request, Stratman explains that, as a result of his divorce, criminal prosecution, and incarceration, his assets have been reduced. Filing 51 at 1–2. He further claims that he is currently required to pay $4,250 per month in alimony and owes money to both his divorce attorney and criminal defense counsel. Filing 51 at 1–2.

At sentencing, the Court imposed a term of imprisonment of one hundred thirty-five months of incarceration, a term of supervised release of seven years, a $100 special assessment, a $5,000 Justice for Victims of Trafficking Act (JVTA) assessment, and a $20,000 fine. *See generally* Filing 49. The Criminal Judgment states that the criminal monetary penalty was due in full on the date of the judgment and that Stratman was obligated to pay said sum immediately if he had the capacity to do so. Filing 49 at 8. Based upon the amount that Stratman asks the Court to reduce, it appears he is asking for the reduction or elimination of his $100 special assessment, his $5,000 JVTA assessment, and his $20,000 fine. Filing 51 at 1.

First, the Court cannot reduce or eliminate the $100 special assessment because it is mandatory for all felony convictions when the defendant is an individual.[1] *See* 18 U.S.C. § 3013(a)(2)(A). Second, the Court cannot reduce or eliminate the $5,000 JVTA assessment because it is mandatory for all non-indigent defendants convicted of an offense under chapter 117 of title 18, like Stratman. *See* 18 U.S.C. § 3014(a) ("[T]he court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under . . . chapter 117."); *see also United State v. Easley*, No. 3:17-CR-0654-N, 2020 WL 887731, at *2 (N.D. Tex. Feb. 20, 2020) (concluding that the court was without authority to reduce the defendant's $5,000 JVTA assessment).

Turning to Stratman's fine, the Court both finds that it lacks the authority to modify a fine and, even if it did, reducing or eliminating Stratman's fine would not be appropriate. In very limited circumstances, a district court may modify the amount of a fine imposed at sentencing under 18 U.S.C. § 3573 or Federal Rule of Criminal Procedure 35. *See United States v. Jones*, 68 F. App'x 796, 797 (9th Cir. 2003). Rule 35 and 18 U.S.C. § 3573 are unavailable to Stratman, however. First, while Rule 35 permits a court to correct a sentence "that resulted from arithmetical, technical, or other clear error," the correction must be made "[w]ithin 14 days of sentencing." Fed. R. Crim. P. 35(a). Stratman did not file his Motion within this fourteen-day period, so the Court cannot modify his fine under Rule 35(a). *See United States v. Austin*, 217 F.3d 595, 598 (8th Cir. 2000) ("The text of Rule 35[(a)] plainly commands the court to act within [fourteen] days, and thus after [fourteen] days . . . any doubt concerning the finality of the sentence is ended.").[2] 18

---

[1] 18 U.S.C. § 3573 allows the Government to request the Court to remit a special assessment if "reasonable efforts" to collect it "are not likely to be effective." 18 U.S.C. § 3573. That provision is inapplicable in this case because the Government has not moved to remit Stratman's special assessment.

[2] *United States v. Austin* dealt with a prior version of Rule 35, which had a seven-day time limit and listed the text of current Rule 35(a) at subsection (c). *See Austin*, 217 at 597 (outlining the old Federal Rule of Criminal Procedure 35). The current version has a fourteen-day time limit, and the relevant text has been moved to subsection (a).

U.S.C. § 3573 is also inapplicable because it requires a motion from the Government, not the defendant.[3] *See* 18 U.S.C. § 3573. Because there is no statutory authorization to reduce or eliminate Stratman's fine upon his motion, the Court is without authority to grant Stratman his requested relief.[4] Accordingly,

IT IS ORDERED that defendant John J. Stratman's Motion to Reduce Fine and Restitution, Filing 51, is denied.

Dated this 10th day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[3] 18 U.S.C. § 3742 may permit modification after appeal, *see* 18 U.S.C. § 3572 ("[A] fine can subsequently be . . . appealed and modified under section 3742"), but that situation is not present in this case.

[4] In any event, Stratman has not shown that a fine was inappropriately imposed. The Court properly considered the factors under 18 U.S.C. §§ 3553(a) and 3572 and determined that Stratman had the ability to pay a fine and that a $20,000 fine was warranted given the seriousness, nature, and circumstances of the offense, to provide just punishment, and to afford adequate deterrence.

3