IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 8:22–CR–15 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER ON MOTION TO VACATE UNDER 28 U.S.C. 2255 AND MOTION FOR APPOINTMENT OF COUNSEL |
| JOHN J. STRATMAN, | |
| Defendant. | |

Defendant John J. Stratman filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255, along with a Motion for Appointment of Counsel. Filing 53; Filing 54. Stratman's § 2255 Motion raises three grounds for relief, which he describes as: (1) "Ineffective Assistance of Counsel," (2) "Excessive Sentence," and (3) "Medical Conditions." Filing 53 at 4, 5, 7. This matter is before the Court to conduct an initial review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2255(b). For the reasons stated herein, the Court finds that it "plainly appears" that Stratman is not entitled to relief and denies both of his Motions. *See* 28 U.S.C. § 2255, Rule 4(b). The Court will not issue a certificate of appealability.

## I.   BACKGROUND[1]

Pursuant to a Rule 11(c)(1)(C) plea agreement, Stratman pleaded guilty to one count of violating 18 U.S.C. § 2423(b). Filing 21 at 1; Filing 27 at 27; Filing 28 at 1. Specifically, Stratman admitted that on or about January 4, 2022, he traveled in interstate commerce for the purpose of engaging in illicit sexual conduct with another person by driving from Sioux Falls, South Dakota

---

[1] Throughout this Order, the Court cites to several matters that were filed restricted or sealed. These include the Revised Presentence Investigation Report (Filing 46), the Government's Motion and Brief in Support of an Upward Variance (Filing 31; Filing 33), and the Defendant's Sentencing Memorandum and Supporting Exhibits (Filing 36; Filing 42). The issues Stratman raises in his § 2255 Motion require this Court to address matters that were discussed in these filings. However, the Court limits its discussion of these restricted and sealed materials to the extent necessary to resolve the § 2255 Motion.

to Omaha, Nebraska in order to have oral sex with a 15-year-old female. Filing 5 at 1. Among other things, the Rule 11(c)(1)(C) plea agreement provided that Stratman would "receive a sentence in the range of 60 months to 240 months imprisonment, to be followed by a term of supervised release." Filing 21 at 4.

The United States Probation Office calculated Stratman's guideline custody range as 57 to 71 months. Filing 33 at 2; Filing 36 at 3; Filing 46 at 18. However, the probation officer that completed the Revised Presentence Investigation Report also noted that based on the facts of this case, "[a]n upward variance from the guideline range may be warranted." Filing 46 at 18. The Government did, indeed, file a Motion for an Upward Variance. Filing 31 at 1; Filing 33 at 1. In support of this Motion, the Government noted that Stratman—a man in his seventies—traveled multiple hours for the purposes of engaging in illicit sexual conduct with a minor. Filing 33 at 5. The Government also noted that Stratman communicated with an undercover law enforcement officer "for months during which he expressed a sexual interest in both an 8-year-old and the 15-year-old he eventually intended to meet." Filing 33 at 5. The Government submitted that Stratman's "conduct as a whole justifies an upward variance to a sentence of at least 120 months." Filing 33 at 5. After the Government filed its Motion for an Upward Variance, Stratman's counsel filed an eight-page sentencing memorandum in which he responded to the Government's Motion and argued that "a sentence within the guidelines is appropriate and consistent with the 11(c)(1)(C) agreement." Filing 36 at 3. In this Sentencing Memorandum, Stratman's counsel specifically requested that the Court sentence Stratman to 60 months—the lowest possible term of incarceration permitted by the Rule 11(c)(1)(C) plea agreement. Filing 36 at 7. Stratman's counsel also submitted several letters authored on behalf of Stratman to be considered as exhibits at sentencing. Filing 42.

At the sentencing hearing held on August 18, 2022, the Court accepted the plea agreement. Filing 48 (Text Minute Entry); Filing 49. After considering the factors set forth in 18 U.S.C. § 3553(a), the Court agreed that an upward variance was appropriate. *See* Filing 48 (Text Minute Entry). Accordingly, the Court sentenced Stratman to a term of 135 months of incarceration—as expressly permitted by the Rule 11(c)(1)(C) plea agreement—to be followed by a seven-year term of supervised release. Filing 48 (Text Minute Entry); Filing 49 at 2–3. The Court also imposed a $100 special assessment, a fine of $20,000, and a $5,000 assessment pursuant to the Justice for Victims of Trafficking Act of 2015 (JVTA). Filing 49 at 7.[2]

Stratman's Rule 11(c)(1)(C) plea agreement included an appeal-waiver provision. Filing 21 at 4. This provision states as follows:

> The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

>> (a)  As provided in Section I above, (if this is a conditional guilty plea); and

>> (b) A claim of ineffective assistance of counsel.

> The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

>> (a)  The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

>> (b)  The right to seek post-conviction relief based on ineffective assistance of counsel.

---

[2] On December 20, 2022, Stratman filed a *pro se* Motion to Reduce Fine and Restitution. Filing 51. The Court denied this Motion in a written Order. Filing 52.

> If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

Filing 21 at 4–5.[3]

Consistent with this provision of his plea agreement, Stratman did not file an appeal with the United States Court of Appeals for the Eighth Circuit. However, he subsequently filed this § 2255 Motion and a Motion to Appoint Counsel in relation to his § 2255 Motion. Filing 53; Filing 54. For the reasons explained below, the Court concludes that Stratman's § 2255 Motion is without merit and no evidentiary hearing is necessary. Accordingly, the Court will also deny Stratman's Motion to Appoint Counsel in relation to this § 2255 Motion.

## II.   ANALYSIS

### A.  Standards Applicable to 28 U.S.C. § 2255

Stratman brings his Motion pursuant to 28 U.S.C. § 2255, which permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 143 S. Ct. 1857, 1865 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks

---

[3] In a different portion of his plea agreement, Stratman also waived his right to seek or receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Filing 21 at 4.

omitted) (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011))). Relief under §
2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing."
*Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012) (quoting *Sun Bear*, 644 F.3d at 704).

The judge receiving a § 2255 motion to vacate must first determine if "it plainly appears
from the motion, any attached exhibits, and the record of prior proceedings that the moving party
is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. "Unless
the motion and the files and records of the case conclusively show that the prisoner is entitled to
no relief," the Court must order the United States to respond and consider holding a hearing. 28
U.S.C. § 2255(b); *see also* Rules 4(b) and 8(a) of the Rules Governing Section 2255 Proceedings.
A court cannot accept a petitioner's allegations as true if "they are contradicted by the record,
inherently incredible, or conclusions rather than statements of fact." *Walker v. United States*, 810
F.3d 568, 580 (8th Cir. 2016).

## B.  Stratman's Claims

### 1.  *Ground One: The "Ineffective Assistance of Counsel" Claim*

The first ground Stratman raises in his § 2255 Motion is titled, "Ineffective Assistance of
Counsel." Filing 53 at 4. In support of this claim, he alleges the following:

> Prior to sentencing when the prosecutor requested an upward departure, the defense
> attorney did not file a counter motion for a downward departure listing the reasons
> why John should get a lesser sentence. The reasons would have included: age,
> kidney cancer, PTSD since childhood, no prior record and years of volunteer work.
> Of note: John has recently experienced arrhythmia (tachycardia with a heart rate of
> 2018). Upon his collapse a fellow inmate was knocked over.

Filing 53 at 1.

Later on in his Motion, Stratman indicates that his ineffective assistance of counsel claim
also encompasses the following allegations: "The defense attorney advised it was best to sign an
appeal waiver (to get a lesser sentence) and therefore there was no further discussion of an appeal.

There was no mention of having only 14 days to file a motion. John was not informed that he would lose public funds (Social Security and VA benefits)." Filing 53 at 9.

Under the Supreme Court's test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotations and citation omitted). "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011). "Therefore, we need not inquire into the effectiveness of counsel . . . if we determine that no prejudice resulted from counsel's alleged deficiencies." *Ramirez v. United States*, 751 F.3d 604, 607 (8th Cir. 2014) (cleaned up). To meet the second prong of the *Strickland* test, petitioners normally need to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Paulson v. Newton Corr. Facility, Warden*, 773 F.3d 901, 904 (8th Cir. 2014) (internal quotation marks and citation omitted). "Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome." *Id.*[4]

The Court will first address Stratman's ineffective assistance of counsel claim as it relates to his counsel's alleged failure to address certain factors in arguing for a lower sentence. *See* Filing 53 at 4. The record does not support Stratman's claim in this regard. Stratman's counsel was precluded from moving for a downward variance or downward departure because the Rule 11(c)(1)(C) plea agreement set 60 months as the lowest possible sentence the Court could impose. Filing 21 at 4. Because Stratman's guideline custody range was calculated to be 57 to 71 months, the Court could not vary or depart downward below the guideline custody range consistent with

---

[4] As discussed in further detail below, there are exceptions where prejudice is presumed. *See Dressen v. United States*, 28 F.4th 924, 928 (8th Cir. 2022).

the plea agreement. Stratman's counsel did, however, argue that his client should receive the lowest possible sentence available under the plea agreement. *See* Filing 36 at 7. Therefore, to the extent that Stratman's § 2255 Motion argues that his counsel was ineffective for failing to "file a counter motion for a downward departure listing the reasons why [he] should get a lesser sentence[,]" Filing 53 at 1, this argument lacks all merit. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) ("[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance.").

Even if the Court were to liberally construe Stratman's claim to be a more generalized attack on his counsel's failure to adequately argue certain factors, such a claim is flatly at odds with the record.  Stratman faults his counsel for failing to address his "age, kidney cancer, PTSD since childhood, no prior record and years of volunteer work." Filing 53 at 1. However, his counsel addressed every single one of these matters either in his sentencing memorandum he authored or through the exhibits he provided for the Court's consideration. *See generally* Filing 36; Filing 42. His counsel noted Stratman's age. *See* Filing 36 at 3 ("Mr. Stratman is seventy-three (73) years old"). His counsel noted Stratman's kidney cancer. *See* Filing 36 at 6 (noting that Stratman suffers from several mental and medical conditions including "a history of kidney cancer"). His counsel noted Stratman's PTSD since childhood. *See* Filing 36 at 5 (describing Stratman's childhood trauma and noting that he "suffers from PTSD as a result of his childhood and military experience"). His counsel noted the fact that Stratman had no prior criminal record. *See* Filing 36 at 3, 7 (noting that Stratman "does not have any prior criminal convictions" and a "lack of any criminal record"). Finally, his counsel also noted Stratman's positive work history and the character letters he offered elaborated on Stratman's volunteer work. *See* Filing 36 at 5; Filing 42-2 at 1; Filing 42-3 at 1; Filing 42-4 at 1; Filing 42-5 at 1–2.

Not only that, but the Revised Presentence Investigation Report makes clear that Stratman's counsel also emphasized some of these factors during probation's interview with Stratman. *See* Filing 46 ("During the presentence interview, counsel for Mr. Stratman referenced the following factors which should be considered for variance purposes: the defendant's age; and current medical conditions."). Accordingly, Stratman's suggestion that his counsel failed to address his "age, kidney cancer, PTSD since childhood, no prior record and years of volunteer work" finds no support in the record. This claim is baseless and the record conclusively shows that his "allegations cannot be accepted as true because they are contradicted by the record[.]" *Walker v. United States*, 810 F.3d 568, 580 (8th Cir. 2016) (citation omitted).

The Court will now address the ineffective assistance of counsel allegation that Stratman tacks on at the end of his Motion. *See* Filing 53 at 9. Stratman alleges the following:

> Ground One: Ineffective assistance of counsel was not previously presented in federal court. The defense attorney advised it was best to sign an appeal waiver (to get a lesser sentence) and therefore there was no further discussion of an appeal. There was no mention of having only 14 days to file a motion. John as [sic] not informed that he would lose public funds (Social Security and VA benefits).

Filing 53 at 9.

Notably, Stratman never once alleges in his § 2255 Motion that he actually instructed his counsel to file an appeal in his case. *See* generally Filing 53. He even acknowledges elsewhere in his Motion why it would make sense for his counsel to have not filed an appeal. *See* Filing 53 at 9 (Stratman stating, "Again the defense attorney did not file an appeal most likely due to John having signed an appeal waiver which supposedly would have given a lesser sentence"); Filing 53 at 5 (Stratman stating, "The defense attorney informed John prior to sentencing that if he signed an appeal waiver he would receive a lesser sentence. After the sentencing, John was not contacted and there was no discussion of an appeal."). Indeed, Stratman makes clear in his § 2255 Motion

8

that after he signed his plea agreement containing the appeal-waiver provision, "there was no further discussion of an appeal." Filing 53 at 9. The Court recognizes that a petitioner on a § 2255 Motion can prevail on an ineffective assistance of counsel claim by showing that his attorney disregarded specific instructions to file an appeal regardless of whether the appeal was meritorious or likely to succeed. *Dressen v. United States*, 28 F.4th 924, 928 (8th Cir. 2022). However, "[f]or such a claim to succeed, the defendant must show that he manifestly 'instructed [his] counsel to file an appeal.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)). Stratman's § 2255 Motion makes clear that he never "manifestly instructed" his counsel to file an appeal because Stratman expressly admits "there was no further discussion of an appeal" after his defense attorney advised him to sign an appeal waiver. Filing 53 at 9. Thus, there is no need for an evidentiary hearing on this matter because when Stratman's allegations are accepted as true, it is clear he is not entitled to relief. *See Walker*, 810 F.3d at 580.

Finally, with respect to Stratman's brief mention that he was "not informed that he would lose public funds (Social Security and VA benefits)[,]" it is important to emphasize the nature of relief that Stratman seeks in his § 2255 Motion. Stratman does not suggest that his plea of guilty was improvident, he does not contest his conviction, and he does not otherwise seek to "get out" of his guilty plea. *See* Filing 53 at 12. He only asks "the Court for reconsideration of the *sentence*." Filing 53 at 12 (emphasis added). Whether Stratman was "informed that he would lose public funds" has no bearing on the appropriateness of his sentence. *See* Filing 53 at 9. Therefore, even assuming solely for the sake of argument that Stratman's counsel did not advise Stratman that he would lose public funds and then further assuming that the failure to do so constituted deficient performance, Stratman has still failed to allege facts that, even when accepted as true, demonstrate

9

a reasonable probability sufficient to undermine confidence in the outcome of his sentencing proceeding. *See Paulson*, 773 F.3d at 904.[5] Therefore, all aspects of Stratman's ineffective assistance of counsel claim are without merit and there is no need for an evidentiary hearing.

2. *Ground Two: The "Excessive Sentence" Claim*

The second ground Stratman raises in his § 2255 Motion is titled, "Excessive Sentence."

Filing 53 at 5. In support of this claim, he alleges the following:

> The defense attorney informed John prior to sentencing that if he signed an appeal waiver he would receive a lesser sentence. After the sentencing, John was not contacted and there was no discussion of an appeal. With the sentence (135 months) being almost double the high end of the guidelines (57-71 months), it would seem appropriate to have such a discussion. Even a shorter sentence might be the equivalent of life without parole. We are asking for mercy for this geriatric offender.

Filing 53 at 5.

---

[5] Given that Stratman does not contest the validity of his conviction or the providence of his guilty plea, it is ultimately unnecessary to resolve whether the alleged failure to inform a defendant of the potential loss of social security and Veterans' Administration benefits constitutes deficient representation from a Sixth Amendment perspective. The Court recognizes that in *Padilla v. Kentucky*, 559 U.S. 356 (2010), the Supreme Court "made clear that a lawyer who neglects to inform a client about the risk of deportation is professionally incompetent." *Chaidez v. United States*, 568 U.S. 342, 349 (2013) (summarizing its prior holding in *Padilla*). However, in *Chaidez*, the Supreme Court further clarified that deportation is not only "unique," but also "a 'particularly severe' penalty, and one 'intimately related to the criminal process[.]'" *Chaidez*, 568 U.S. at 352. Several federal appellate courts have been reluctant to extend *Padilla*'s holding to other collateral consequences apart from deportation. *See e.g.*, *United States v. Reeves*, 695 F.3d 637, 640 (7th Cir. 2012) ("Indeed, *Padilla* is rife with indications that the Supreme Court meant to limits its scope to the context of deportation only"); *Farhane v. United States*, 77 F.4th 123, 126 (2d Cir. 2023) ("We have long held, however, that an attorney need not warn of every possible collateral consequence of conviction") (internal quotations omitted); *Parrino v. United States*, 655 F. App'x 399, 403 (6th Cir. 2016) ("The penalty of complete banishment from the United States is different in kind from the burden of five years' exclusion from federal health-care programs"). When one judge in the Eastern District of Kentucky was presented with an ineffective assistance of counsel claim predicated upon the failure to inform the defendant that he would lose the right to recover nine years of social security benefits based on his plea agreement, she reasoned that "this type of collateral advice is not intended to be protected nor required by the Sixth Amendment, and thus does not fall within the ambit of effective counsel." *United States v. Sawaf*, No. 6:01-CR-47-KKC-CJS, 2018 WL 287864, at *5 (E.D. Ky. Jan. 4, 2018). This Court agrees with that reasoning and logic, particularly given the Supreme Court's insistence that, "Even in *Padilla* [it] did not eschew the direct-collateral divide across the board." *Chaidez*, 568 U.S. at 355. Accordingly, even if Stratman had attacked the province of his guilty plea based upon his counsel's alleged failure to inform him about the potential loss of these public benefits, the Court would still deny his ineffective assistance of counsel claim.

Later on in his Motion, Stratman elaborates on this claim and alleges the following: "Ground Two: Excessive Sentence was not previously presented in federal court. Again the defense attorney did not file an appeal most likely due to John having signed an appeal waiver which supposedly would have given a lesser sentence." Filing 53 at 9. The Court has already addressed Stratman's allegations relating to the lack of an appeal, and for the reasons already discussed, he is not entitled to any relief based on those allegations. Moreover, and "[t]o the extent [Stratman] challenges the reasonableness of his sentence, his claim is barred by the appeal waiver contained in the plea agreement." *United States v. Patten*, 664 F.3d 247, 251 (8th Cir. 2011). Stratman's appeal-waiver provision plainly prevents him from contesting his "conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255" except under the narrow set of circumstances set forth in the plea agreement. *See* Filing 21 at 4–5. Although his appeal-waiver provision allowed him to seek post-conviction relief based on ineffective assistance of counsel, Filing 21 at 4–5, this second ground in his Motion is a generalized attack on the reasonableness of his sentence. Therefore, his appeal-waiver provision bars him from raising such a claim.[6] For the foregoing reasons, the claim Stratman brings in "Ground Two" of his § 2255 Motion lacks merit and there is no need for an evidentiary hearing.

3. *Ground Three: The "Medical Condition" Claim*

The third and final ground Stratman raises in his § 2255 Motion is titled, "Medical Conditions." Filing 53 at 7. In support of this claim, he alleges the following:

John was previously diagnosed with kidney cancer. He has received no monitoring while incarcerated despite an enlargement in his flank area. His tumor should be carefully monitored for growth. Usually this is done every 3-6 months by imaging

---

[6] In a similar vein, a defendant procedurally defaults on a claim by failing to raise it on direct review, and can only raise such a claim in habeas if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent. *Jennings v. United States*, 696 F.3d 759, 763 (8th Cir. 2012). Defendant did not file an appeal and, therefore, never raised this matter on direct review.

(ultrasound, CT, Or MRI). He also has a serious arm wound that became infected with staph. Despite frequent dressing changes by a wound specialist and prison staff the wound has not healed. More recently John has experienced tachycardia resulting in low oxygen and collapse. Another inmate choked John to the point of him passing out. He has suffered PTSD since childhood.

Filing 53 at 7.

The Court considered Stratman's kidney cancer diagnosis, PTSD, and childhood trauma at sentencing. As noted previously, these matters were raised by Stratman's counsel in his Sentencing Memorandum. *See generally* Filing 36. The remaining issues he raises on this § 2255 Motion relate to his present health status, the medical treatment he is receiving while in prison, and an alleged incident of violence that occurred in prison. Although there are certain means by which a defendant can seek release from confinement based on his health status, a § 2255 Motion is not the appropriate vehicle to do so. This is because "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle*, 742 F.3d at 1081–82 (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). Stratman's present health status presents neither. *See United States v. Red Legs*, No. 3:19-CR-030073-RAL, 2022 WL 3585150, at *1 (D.S.D. Aug. 22, 2022) (noting that if the petitioner "is planning to seek compassionate release due to some medical conditions, the proper vehicle is not a § 2255 motion but a motion for compassionate released filed in this case under the First Step Act").

Stratman's allegations regarding the medical care he is receiving and the violence he has been subjected to are likewise not appropriately raised on a § 2255 Motion because they ultimately relate to the conditions of his confinement rather than the validity of his sentence. *See Washington v. Outlaw*, No. 2:09CV00038WRW, 2009 WL 2177310, at *2 (E.D. Ark. July 20, 2009)

12

("Typically, section 2241 petitions address either the execution of a sentence or the conditions of confinement, not the imposition of a sentence, which is properly challenged via a section 2255 petition") (citing *Cain v. Petrovsky*, 798 F.2d 1194, 1198 n.3 (8th Cir. 1986)); *United States v. Ladoucer*, No. CR071651ADMJSM, 2016 WL 183522, at *1 (D. Minn. Jan. 14, 2016) (concluding that the petitioner's claims were not cognizable under § 2255 because he was challenging "the conditions he is experiencing while incarcerated" and "raise[d] no challenges to the constitutionality or legality of his sentence"). Accordingly, Stratman's third ground for relief in his § 2255 Motion lacks merit as well and no evidentiary hearing is necessary.

## C.  Certificate of Appealability

No appeal may be taken on a § 2255 motion to vacate unless a judge issues a certificate of appealability, which requires the appellant to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). To make "a substantial showing of the denial of a constitutional right" after the district court denies a constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, a petitioner is entitled to a certificate of appealability if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Reasonable jurists would not find the Court's decisions debatable. Therefore, the Court will not issue a certificate of appealability.

### III.    CONCLUSION

It plainly appears that Stratman is not entitled to relief on his § 2255 Motion. For this reason, and those explained above, the Court denies Stratman's § 2255 Motion and his Motion to Appoint Counsel. Accordingly,

IT IS ORDERED:

1.  John J. Stratman's Motion to Vacate Under 28 U.S.C. § 2255, Filing 53, is denied;

2.  John J. Stratman's Motion to Appoint Counsel, Filing 54, is denied; and

3.  The Court will not issue a certificate of appealability.

Dated this 14th day of December, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge