IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN J. STRATMAN, <br><br> Defendant. | 8:22-CR-15 <br><br><br> ORDER ON MOTION FOR COMPASSIONATE RELEASE |

This matter is before the Court on defendant John Stratman's Motion for Reduction in Sentence Purs[ua]nt to 18 U.S.C.§ 3582. Filing 57. The defendant seeks a reduction of his 135-month sentence because he "suffers from innumerable serious and debilitating medical conditions." Filing 57 at 3. The defendant argues that his conditions "will only further deteriorate as he continues to age" in prison, and he claims that he "has rehabilitated himself to the fullest extent possible." Filing 57 at 3. For the reasons set forth below, the defendant's Motion is denied.

## I. BACKGROUND

In 2022, the defendant was convicted of violating 18 U.S.C. § 2423(b) after he pleaded guilty to the crime of Travel With Intent to Engage in Illicit Sexual Conduct. Filing 49 (Judgment). Pursuant to a Rule 11(c)(1)(C) plea agreement, the defendant—a man in his seventies—admitted that he traveled from Sioux Falls, South Dakota to Omaha, Nebraska for the purpose of engaging in sexual conduct with a 15-year-old female. Filing 21 at 2. The defendant's plea agreement stipulated to a sentencing range of 60 to 240 months. Filing 21 at 4. The defendant's guideline sentencing range was calculated as 57 to 71 months, though the probation officer who prepared the Presentence

1

Investigation Report noted that "additional conduct pertaining to [a] younger minor . . . may justify a sentence above the applicable guideline range pursuant to 18 U.S.C. § 3553(a)." Filing 46 at 20. That "additional conduct" included correspondence from the defendant to an undercover law enforcement officer about the defendant's interest in engaging in sexual activity with an 8-year-old female. Filing 46 at 8–9. Prior to sentencing, the Government moved for an upward variance, citing the fact that the defendant had "expressed a sexual interest in both an 8-year-old and the 15-year-old" during his months-long conversation with the undercover officer. Filing 33 at 5. At sentencing, the Court accepted the plea agreement and, after considering the sentencing factors in 18 U.S.C. § 3553(a), varied upward. Filing 48 (Text Minute Entry). The Court sentenced the defendant to a 135-month term of imprisonment, to be followed by a seven-year term of supervised release. Filing 49 (Judgment). That sentence fell within the sentencing range required by the Rule 11(c)(1)(C) plea agreement. Filing 21 at 4.

Now, having "served over 3 years of his 11-year sentence," the defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). Filing 57 at 17. The defendant alleges that there are multiple "extraordinary and compelling reasons" warranting a reduction of his sentence. Filing 57 at 7. First, the defendant argues that in light of his age—he is now 76 years old—and the "numerous serious and debilitating medical conditions" he suffers from, his sentence is "a life sentence." Filing 57 at 4, 8. The defendant mentions once that he was diagnosed with right renal cell carcinoma in May 2021, though as the Government pointed out in its sentencing memorandum, that diagnosis occurred before the defendant committed the offense conduct at issue in this case. Filing 57 at 8; Filing 33 at 5. The defendant describes in more detail a "left arm wound/ulceration" that has developed since he was incarcerated and that has led to a diagnosis of "squamous cell carcinoma including the shoulder." Filing 57 at 8–9. According to the defendant, "amputation of

2

the arm is a real possibility." Filing 57 at 12. The defendant further alleges that a "table collapse[ed] on him" in April 2025, and he suffered a broken ankle and fibula as a result. Filing 57 at 11. The defendant claims that he "is now wearing a cast to the knee and must use a wheelchair," making it difficult for him "to make it to chow to eat at times." Filing 57 at 11–12. The defendant argues that "the length of [his] sentence" is another reason supporting compassionate release, as is the fact that his "imprisonment for the entirety of the COVID-19 pandemic was unusually harsh."[1] Filing 57 at 17–18. Finally, the defendant alleges that a sentence reduction is appropriate because "there is nothing left to be achieved in this case" as "he is no longer a threat to public safety" due to his rehabilitative efforts. Filing 57 at 27–28.

## II. STANDARDS FOR COMPASSIONATE RELEASE

Under 18 U.S.C. § 3582(c)(1)(A), prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting administrative remedies "is a mandatory claim-processing rule" that "must be enforced so long as the opposing party properly raises it." *Id.* at 1084. It appears that the defendant has exhausted his administrative remedies here because more than 30 days have lapsed since the prison warden

---

[1] Despite the defendant's claim that he was "incarcerat[ed] for the entirety of the COVID-19 pandemic," the defendant was not sentenced until August 18, 2022, and he was on pretrial release prior to his sentencing hearing. Filing 57 at 18 (reduced from capitals); Filing 49 (Judgment).

3

received his request. Filing 57-1 at 3 (indicating that the defendant submitted his most recent request to the warden on May 15, 2025). The Court will therefore consider the merits of his Motion.

Turning to the standards for compassionate release, 18 U.S.C. § 3582(c) provides in relevant part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The burden to establish an entitlement to a sentence reduction is on the prisoner. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

Although not binding on the Court, the policy statement in U.S.S.G. § 1B1.13(b)(1) is helpful to the Court's analysis. *See Marcussen*, 15 F.4th at 859 (explaining that U.S.S.G. § 1B1.13 is a policy statement that is "not binding" but "may not be ignored"). Section § 1B1.13(b)(1) sets out "Medical Circumstances of the Defendant" that may constitute "[e]xtraordinary and compelling reasons" warranting compassionate release. The following medical circumstances are included: "[t]he defendant is suffering from a terminal illness"; "[t]he defendant is . . . suffering from a serious

physical or medical condition" or "experiencing deteriorating physical or mental health because of the aging process," and either circumstance "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is a circumstance] from which he . . . is not expected to recover"; and "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(A)-(C).

### III. LEGAL ANALYSIS

Although the defendant describes "numerous medical issues," Filing 57 at 8, he has not provided evidence that any of his issues are "terminal" or that he "is not expected to recover" from any of them, U.S.S.G. § 1B1.13(b)(1)(A), (B). Rather, it appears from the defendant's medical records and his own allegations that there is a treatment plan in place to address his squamous cell carcinoma diagnosis. Filing 57 at 11–12 (stating that the defendant previously "receive[d] 17 rounds of chemotherapy" and that "[t]he plan now is to have immunotherapy every 3 weeks"); Filing 57-1 at 38–39, 50 (medical records outlining the defendant's plan of care at the time of his diagnosis). In a letter to the prison warden, the defendant himself acknowledged that he is "not in immediate danger of death." Filing 57-1 at 6. The defendant makes frequent references to his age—including a claim that because of his age, he "currently is scheduled to die in prison given his serious medical conditions," Filing 57 at 3—but he has not shown that his medical issues are related to his age or that he is "not expected to recover" from any of those issues, U.S.S.G. § 1B1.13(b)(1)(B). The defendant's medical records reveal that the wound on his left arm that was ultimately diagnosed as squamous cell carcinoma "began from a squamous cell skin cancer removal in 2012," when the defendant was much younger and not incarcerated. Filing 57-1 at 37. And it is clear from the defendant's Motion that his leg injuries occurred after "a very large inmate sat down across from

5

[the defendant] at the table" and "[a]s a result of the other inmate['s] weight the table buckled and collapsed" on the defendant. Filing 57 at 11.

Even if the defendant had alleged medical circumstances constituting "[e]xtraordinary and compelling reasons" for a sentence reduction, the Court would nevertheless deny the defendant's Motion because the 18 U.S.C. § 3553(a) sentencing factors do not support compassionate release. *See* *United States v. Rodd*, 966 F.3d 740, 747–48 (8th Cir. 2020) (upholding the district court's denial of compassionate release where the district court had concluded that the § 3553(a) factors weighed against granting compassionate release regardless of whether the defendant had demonstrated extraordinary and compelling reasons for release). In considering "the nature and circumstances of the offense and the history and characteristics of the defendant," the Court notes that the defendant spent multiple months arranging to meet the 15-year-old female and that he did so intending to engage in sexual activity with the minor. 18 U.S.C. § 3553(a)(1); Filing 46 at 5–7. The defendant learned the minor's age during his first conversation with the undercover officer and still proceeded to express sexual interest in the minor, going so far as to drive hours across state lines for what he believed would be a sexual encounter with the minor. Filing 46 at 5–7. The Court concludes that the defendant's sentence "reflect[s] the seriousness" of his offense and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The Court further determines that reducing the defendant's sentence would not serve "to protect the public from further crimes of the defendant" given that the defendant also blatantly and continually expressed sexual interest in an 8-year-old minor. 18 U.S.C. § 3553(a)(2)(C); Filing 46 at 5–7.

The Court has also considered the remaining applicable sentencing factors in 18 U.S.C. § 3553(a) and finds that those factors do not favor reducing the defendant's sentence, either. The Court

6

would therefore deny the defendant's Motion even if he had demonstrated extraordinary and compelling reasons warranting compassionate release.

## IV. CONCLUSION

Because the defendant has not shown extraordinary and compelling reasons warranting a sentencing reduction and because the 18 U.S.C. § 3553(a) factors do not support compassionate release, the defendant's Motion is denied. Accordingly,

IT IS ORDERED: The defendant's Motion for Reduction in Sentence Purs[ua]nt to 18 U.S.C.§ 3582, Filing 57, is denied.

Dated this 26th day of September, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge