FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2026 JAN -7 AM IO: 16

OFFICE OF THE CLERK

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEBRASKA

United States of America,
Plaintiff,

v.                          Case No. 8:22-CR-15

John J. Stratman,
Defendant.

---

## MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

Since this Court's denial of compassionate release there has been a change

in circumstances. That is Mr. Stratman has been diagnosed with terminal cancer

and has an end-of-life trajectory. See Exhibit A. Defendant John J. Stratman,

appearing pro se, respectfully moves this Court for a reduction in sentence and

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Since the Court's

previous denial of his motion, Mr. Stratman has been diagnosed with **terminal**

1

**squamous cell carcinoma**, and his treating physicians have advised him that he

has **less than eighteen months to live**, with a current prognosis estimating **8-10**

**months**. He is also awaiting surgical evaluation for a potential **major amputation**,

and he is no longer capable of providing self-care in the prison environment.

Mr. Stratman incorporates the following in support of this Motion.

---

## I. INTRODUCTION

Mr. Stratman is 76 years old and is currently incarcerated at **FMC Butner**,

where he has been receiving ongoing treatment for rapidly progressing terminal

cancer. Prior to his most recent diagnosis, the Court found that he had not

demonstrated that his medical condition was terminal or that he was not expected

to recover. However, as documented in updated medical evaluations (Exhibit A),

Mr. Stratman has now been diagnosed with **terminal squamous cell carcinoma**

**with an end-of-life trajectory**, meeting the precise criteria outlined in U.S.S.G. §

1B1.13 for compassionate release.

Mr. Stratman is living in continuous and severe pain and is no longer

physically capable of performing basic activities of daily living without assistance.

He cannot care for himself in the correctional environment, requires constant

monitoring and specialized care, and faces a dramatically shortened life

2

expectancy. Here Mr. Stratman will die long before his current release date of March 20, 2031.

---

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it finds that "extraordinary and compelling reasons" warrant a reduction and that such a reduction is consistent with the applicable Sentencing Commission policy statements.

The Sentencing Commission defines extraordinary and compelling medical circumstances to include:

### A. Terminal Illness – U.S.S.G. § 1B1.13 cmt. n.1(A)(i)

"The defendant is suffering from a terminal (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy is not required."

Examples include metastatic cancers and other conditions with irreversible decline.

### B. Physical or Medical Condition that Substantially Diminishes Ability to Self-Care – U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)

This includes:

- Serious medical conditions,
- Serious functional impairments, or
- Deteriorating physical health due to aging

3

that **substantially diminish the defendant's ability to provide self-care within the correctional environment** and **from which the defendant is not expected to recover**.

## III. ARGUMENT

### A. Mr. Stratman Now Meets the Terminal Illness Standard Under § 1B1.13

The Court's prior denial rested in large part on the absence of evidence that Mr. Stratman had a terminal condition or was not expected to recover. That circumstance has now significantly changed.

Since the Court's ruling, Mr. Stratman has received a formal diagnosis of **terminal squamous cell carcinoma**, supported by medical documentation (Exhibit A). His physicians have informed him that his life expectancy is **less than one year**, with an approximate estimate of **4–6 months**. He is undergoing deteriorating health, and treatment is now exclusively palliative rather than curative.

This places Mr. Stratman squarely within the definition of an "extraordinary and compelling" reason because he:

- Has an advanced terminal illness,
- Is not expected to recover, and
- Has a clear end-of-life trajectory.

4

## B. He Is Physically Incapable of Self-Care in the Correctional Environment

Mr. Stratman is unable to perform basic daily functions without assistance. He suffers from:

- Severe pain requiring ongoing management,
- Open cancerous wounds susceptible to infection,
- Impaired mobility requiring a wheelchair,
- A pending surgical consultation for possible limb amputation,
- Substantial weakness and deteriorating physical capacity.

He cannot dress, bathe, maintain hygiene, or ambulate without assistance. The environment at FMC Butner is not equipped to meet the intensive end-of-life care that he requires.

## C. His Life Expectancy Renders the Existing Sentence a Life Sentence

At his age and in light of his terminal diagnosis, the remaining term of imprisonment constitutes a **de facto life sentence**. Mr. Stratman will not survive to complete his sentence. Compassionate release exists precisely to avoid such outcomes when the statutory criteria are met.

## D. The § 3553(a) Factors Do Not Preclude Relief

Mr. Stratman acknowledges the seriousness of the underlying offense and expresses remorse for the conduct that brought him before the Court. Nothing in this Motion seeks to diminish the gravity of that conduct.

However:

At 76 years old, with a terminal illness, facing imminent death, physically incapacitated, And with no ability to reoffend, he no longer presents any danger to the public. The purposes of punishment—deterrence, protection of the public, and just punishment—have been fully served. Continuing imprisonment serves no legitimate penological purpose.

## E. Compassionate Release Is Consistent With U.S.S.G. § 1B1.13

The updated medical evidence now directly satisfies the criteria that the Court previously found lacking. Unlike before, Mr. Stratman can show:

- A **new diagnosis** demonstrating terminal illness,
- Clear evidence he is **not expected to recover**, and
- A significant decline in his ability to perform self-care.

## IV. REQUEST FOR RELIEF

For the reasons stated above, Mr. Stratman respectfully requests that the Court:

1. **Grant compassionate release**, reducing his sentence to time served; or, in the alternative,
2. Impose a term of supervised release with appropriate medical or hospice-related conditions, as permitted by § 3582(c)(1)(A).

## V. CONCLUSION

The Sentencing Commission, Congress, and federal courts have repeatedly recognized that terminal illness and inability to care for oneself in prison constitute

6

extraordinary and compelling reasons for release. Mr. Stratman is dying. He cannot

care for himself. His condition will only worsen. Compassionate release is not only

authorized by law—it is the humane and just outcome.

Respectfully submitted,


**John J. Stratman**
Defendant, Pro Se

Date: _Nov 26 2025_

EXHIBIT A



**U.S. Department of Justice**

**Federal Bureau of Prisons**

---

*Office of the General Counsel*                          *Washington, DC 20534*

MEMORANDUM FOR B. LOTT, ACTING WARDEN
                FEDERAL MEDICAL CENTER
                BUTNER, NORTH CAROLINA

FROM:          Elisa Mason    **Elisa Mason**    Digitally signed by Elisa Mason
                                                Date: 2025.05.23 14:51:24 -04'00'
               Acting Assistant Director/General Counsel

SUBJECT:       STRATMAN, John
               Federal Register No. 91872-509
               Request for Reduction in Sentence

Please be advised that Mr. Stratman's request for a reduction in sentence (RIS) pursuant to section 3(a) of Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C.§§ 3582(c)(1)(A) and 4205(g) ("Terminal Medical Condition"), is denied. We have carefully reviewed the documentation accompanying this request and have consulted with the BOP's Medical Director.

Section 3(a) provides that RIS consideration may be given to an inmate who has been diagnosed with a terminal, incurable disease and whose life expectancy is 18 months or less, and/or has a disease or condition with an end-of-life trajectory under 18 U.S.C. § 3582(d)(1). Additionally, section 7 requires consideration of factors such as the nature and circumstances of the inmate's offense; his criminal history, including any supervised release violations; his institutional adjustment, including any disciplinary infractions; and whether release would minimize the severity of the offense or pose a danger to any other person or to the community.

Mr. Stratman, age 76, has been diagnosed with locally advanced squamous cell carcinoma of the skin. His prognosis is poor, with a life expectancy that is likely to be less than 18 months. Mr. Stratman therefore meets the terminal medical condition RIS criteria under section 3(a) based on his diagnosis, limited life expectancy, and an end-of-life trajectory as described in the First Step Act.

However, given the nature and circumstances of Mr. Stratman's offense, the limited amount of his sentence he has served, and his continued independence with all aspects of his Activities of Daily Living and Instrumental Activities of Daily Living, his early release would minimize the severity of his offense and could pose a danger to the public. Accordingly, his RIS request is denied.

Please provide Mr. Stratman a copy of this decision.

cc:    Zachary J. Kelton, Acting Regional Director, Mid-Atlantic Region

## CERTIFICATE OF SERVICE

I, John Stratman hereby certify that on this _26th_day of _Nov_ , 2025, I

did place the enclosed motion for 18 U.S.C. 3582, in the prison mailing system

addressed to the following parties:

> United States District Court Clerk
> 111 S. 18th St. #1152
> Omaha, NE 68102


> United States Attorney's Office
> ECF


Signed under the penalty of perjury

this_26th_day of _Nov_, 2025.


_John Stratman_
John Stratman

RECEIVED

JAN  7 2026

CLERK
U.S. DISTRICT COURT

⇔91872-509⇔
John Stratman
Federal Medical Center
PO BOX :16000
Butner, NC 27509
United States



United States District Court Clerk
118 S. 18th St. #1152
Omaha NE 68102

**RECEIVED**

JAN 7 2026

CLERK
U.S. DISTRICT COURT