IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br><br>vs.<br><br><br>JOHN J. STRATMAN,<br><br>        Defendant. | **8:22-CR-15**<br><br><br><br>**ORDER ON MOTIONS FOR<br>COMPASSIONATE RELEASE** |

Defendant John J. Stratman is serving a 135-month sentence for committing the crime of Travel With Intent to Engage in Illicit Sexual Conduct. Filing 49 (Judgment). The defendant—then a man in his early seventies—admitted that he traveled from Sioux Falls, South Dakota to Omaha, Nebraska for the purpose of engaging in sexual conduct with a 15-year-old female. Filing 21 at 2. During the commission of the offense, the defendant also corresponded with an undercover law enforcement officer about the defendant's interest in engaging in sexual activity with an 8-year-old female. Filing 46 at 8–9. In July 2025, the defendant sought a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) based in part on "numerous medical issues," including a squamous cell carcinoma diagnosis, the "real possibility" that his arm would need to be amputated, and other injuries such as "a broken ankle and fibula." Filing 57 at 8–12. The Court denied the defendant's original request for compassionate release, determining that the defendant had not shown evidence that any of his issues are "terminal" or that he "is not expected to recover" from any of them, as U.S.S.G. § 1B1.13(b)(1)(A) and (B) provide. Filing 58 at 5. The Court further concluded that even if the defendant's alleged medical circumstances constituted "[e]xtraordinary and compelling

reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), the Court would nevertheless deny the defendant's motion for compassionate release because the 18 U.S.C. § 3553(a) sentencing factors do not support compassionate release. Filing 58 at 6. The Court stated the following:

> In considering "the nature and circumstances of the offense and the history and characteristics of the defendant," the Court notes that the defendant spent multiple months arranging to meet the 15-year-old female and that he did so intending to engage in sexual activity with the minor. 18 U.S.C. § 3553(a)(1); Filing 46 at 5–7. The defendant learned the minor's age during his first conversation with the undercover officer and still proceeded to express sexual interest in the minor, going so far as to drive hours across state lines for what he believed would be a sexual encounter with the minor. Filing 46 at 5–7. The Court concludes that the defendant's sentence "reflect[s] the seriousness" of his offense and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The Court further determines that reducing the defendant's sentence would not serve "to protect the public from further crimes of the defendant" given that the defendant also blatantly and continually expressed sexual interest in an 8-year-old minor. 18 U.S.C. § 3553(a)(2)(C); Filing 46 at 5–7.

Filing 58 at 6.

In the time since the Court denied the defendant's original motion for compassionate release, the defendant has filed three additional motions for compassionate release and five other motions seeking various related relief, such as the appointment of counsel or a video hearing. Filing 59 (Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)); Filing 60 (New Supplemental Emergency Motion for Compassionate Release / Reduction In Sentence / Terminal); Filing 61 (Motion for Video Conference Hearing); Filing 62 (Motion for Counsel); Filing 63 (Motion for Status and Docket Sheet); Filing 64 (New Supplemental Emergency Motion for Compassionate Release / Reduction in Sentence [Under New Circumstances]); Filing 65 (New Motion for Video Conference Hearing); Filing 66 (New Motion for Counsel Under New Circumstances). The crux of the defendant's arguments in his latest motions for compassionate release is that "there has been a change in circumstances," as he "has been diagnosed with terminal

cancer and has an end-of-life trajectory." Filing 59 at 1. The document the defendant has submitted to support these "changed circumstances" is a memorandum from the Bureau of Prisons acknowledging that the defendant "has been diagnosed with locally advanced squamous cell carcinoma of the skin" and that his "prognosis is poor, with a life expectancy that is likely to be less than 18 months." Filing 59 at 9. Despite this prognosis, the Bureau of Prisons denied the defendant's request for a reduction in sentence. Filing 59 at 10. Significantly, the memorandum submitted by the defendant is dated May 23, 2025—more than two months *before* the defendant filed his original motion for compassionate release. Filing 59 at 9. As additional grounds for compassionate release, the defendant also asserts that he "suffers with multiple health issues that make him a HIGH RISK of severe illness or death should he continue to contract COVID-19 or the novel variants," that he "walks with a permanent limp" due to injuries to his leg and ankle, and that he "is in imminent danger of having his left arm amputated." Filing 59 at 2; Filing 60 at 8, 10; Filing 64 at 6.

The Court acknowledges the defendant's serious health concerns and at this point, the Court assumes without deciding that the defendant's medical circumstances could constitute "[e]xtraordinary and compelling reasons warrant[ing]" a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). However, the Court remains unpersuaded that the 18 U.S.C. § 3553(a) factors weigh in favor of releasing the defendant. *See United States v. Rodd*, 966 F.3d 740, 747–48 (8th Cir. 2020) (upholding the district court's denial of compassionate release where the district court had concluded that the § 3553(a) factors weighed against granting compassionate release regardless of whether the defendant had demonstrated extraordinary and compelling reasons for release). The severity and egregious nature of the defendant's offense have not changed, and the risk such conduct poses to the public has not lessened. Moreover, releasing the defendant before he has served even half of his sentence would substantially minimize the sentence's deterrent value. The Court therefore adheres

to its prior reasoning and denies the defendant's additional motions for compassionate release. Because the Court denies the compassionate release motions, the Court also denies as moot the motions related to the compassionate release motions. Accordingly,

IT IS ORDERED that:

1. Defendant John J. Stratman's Motions for Compassionate Release, Filing 59; Filing 60; and Filing 64, are denied; and

2. The defendant's motions related to his request for compassionate release, Filing 61; Filing 62; Filing 63; Filing 65; and Filing 66, are denied as moot.

Dated this 7th day of August, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge